IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRET LEVY, d/b/a BENNY THE BUM'S, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| TRENT MOTEL ASSOCIATES, LP; STADIUM HOTEL RESTAURANT GROUP, INC.; BARRY SUSSMAN; MAHAVIR CHUDASAMA; FRED PANITZ; RAJ PARIKH, d/b/a PARIKH ASSOCIATES; HOWARD KAUFMAN; WILLIAM F. GREEN; and HOLIDAY HOSPITALITY FRANCHISING, INC., | : : : : : : : : | NO. 11-776 |
| Defendants. | : | |

DuBOIS, J.                                                                                              August 25, 2011

**M E M O R A N D U M**

**I.  INTRODUCTION**

   This case arises out of plaintiff's operation of a restaurant, bar, and ballroom at a hotel known as the Holiday Inn Philadelphia Stadium. Plaintiff alleges that defendants repeatedly interfered with his operation of the restaurant, bar, and ballroom because of his refusal to discriminate against black patrons. The Amended Complaint alleges claims under 42 U.S.C. §§ 1981, 1982, 2000a, 2000a-1, 2000a-2, and various provisions of the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. § 951, et seq.

Presently before the Court is the Motion of Defendants Trent Motel Associates, L.P., Stadium Hotel Restaurant Group, Inc., Barry Sussman, Mahavir Chudasama, Fred Panitz, Raj Parikh d/b/a Parikh Associates Hotel Investment & Development Co., Howard Kaufman and William F. Green to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. Proc. 12(b)(6). For the reasons set forth below, defendants' motion is granted in part and denied in part.

## II. BACKGROUND[1]

### A. The Parties

Plaintiff[2] alleges that at all times relevant to this litigation, defendant Holiday Hospitality Franchising, Inc. ("Holiday Hospitality") issued a franchise to defendant Trent Motel Associates, LP ("Trent Motel") to operate a hotel known as the Holiday Inn Philadelphia Stadium ("the Hotel"). (Am. Compl. ¶¶ 10, 41.) Defendant Stadium Hotel Restaurant Group, Inc. ("Stadium Hotel") owned the liquor license utilized at the Hotel. (Id. ¶¶ 10-11.) Trent Motel, Stadium

---

[1] It is well-settled that, on a motion to dismiss, courts may consider "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon those documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010).

[2] Based on the caption of the case and the allegations in the Amended Complaint, it is unclear whether the term "plaintiff" is intended to refer to Bret Levy, the individual, or Benny the Bum's, Inc., the corporation. The Amended Complaint alleges that "[t]he Plaintiff, Bret Levy, d.b.a. Benny the Bum's, Inc., was at all times relevant an individual with a principal place of business located at 9991 Bustleton Avenue, Philadelphia, Pennsylvania 19115." (Am. Compl. ¶ 9.) The Amended Complaint goes on to allege that plaintiff and other tenants entered into a lease agreement with defendant Trent Motel Associates, LP. (Id. ¶ 22.) The lease agreement states that it is "made and entered into . . . by and between TRENT MOTEL ASSOCIATES, L.P. . . . and STADIUM HOTEL RESTAURANT GROUP, INC. and BENNY THE BUM'S, INC. (or their nominee) AND STADIUM HOSPITALITY GROUP, LLC, or their joint venture nominee." (Id., Ex. A (emphasis added).) For the purposes of defendants' motion, the Court will treat plaintiff as both Levy, the individual, and Benny the Bum's, Inc., the corporation.

Hotel, and Stadium Hospitality Group, LLC ("Stadium Hospitality") managed the Hotel.[3]  (Id. ¶ 20.)  Defendant Raj Parikh was a partner of defendant Trent Motel, and defendants Barry Sussman, Mahavir Chudasama, Fred Panitz, and Howard Kaufman were partners of Trent Motel and shareholders in defendant Stadium Hotel.  (Id. ¶¶ 12-16.)  Defendant William F. Green was the General Manager of the Hotel.  (Id. ¶ 17.)

On March 9, 2006, plaintiff entered into an oral joint venture agreement with Sussman, Chudasama, Panitz, Kaufman, Stadium Hotel, and Stadium Hospitality.  (Id. ¶ 21.)  The agreement provided that plaintiff would operate the bar, restaurant, and ballroom of the Hotel.  (Id.)  That same day, Trent Motel, as landlord, entered into a lease agreement with plaintiff, Stadium Hotel, and Stadium Hospitality, as tenants.  (Id. ¶ 22.)  Trent Motel leased to the tenants portions of the Hotel.  (Id. ¶ 23.)  Plaintiff operated and marketed the bar and restaurant of the Hotel under the name "Benny the Bum's," and began to "rent and issue license agreements for the use of the bar, restaurant and ballroom . . . for private parties and events open to the general public."  (Id. ¶ 25.)

**B.     Defendants' Alleged Discriminatory Policy**

Plaintiff, who is white, rented Benny the Bum's to black customers for various events catering to black customers.  (Id. ¶ 26.)  Plaintiff had a close relationship with the black community, black event promoters, and black radio stations.  (Id.)  Plaintiff alleges that defendants objected to his booking of events catering to black customers and the black community, and that defendants engaged in a series of adverse actions against Levy and Benny the Bum's due to Levy's refusal to abide by defendants' racially discriminatory policies.

---

[3]      Stadium Hospitality was not named a defendant in this litigation.

On February 16, 2009, defendant Green emailed plaintiff, stating, "I think we have to reconsider 'hip hop' type crowds in this hotel. My experience is that it will chase away the regular clientele in both the restaurant and the hotel."[4] (Id. ¶ 28, Ex. B.) At a meeting on February 23, 2009, defendants Green, Chudasama, Parikh, Sussman, Kaufman, and Panitz instructed plaintiff not to book "Black events" in the future, and warned plaintiff that "he would be thrown out of the Hotel" if he failed to comply. (Id. ¶¶ 29-31.) Defendants further instructed plaintiff "to be careful in the manner of keeping Blacks out of the Hotel to avoid being caught." (Id. ¶ 30.) To this end, defendants directed plaintiff to, inter alia, substantially raise prices to discourage black customers from holding events at the Hotel, and to "falsely tell Black clients that space was unavailable." (Id.) Defendants also instructed plaintiff to cancel all upcoming "Black events." (Id. ¶¶ 32-34, 36.)

Disregarding defendants' instructions, plaintiff continued to advertise through black radio stations and book "Black events." (Id. ¶ 35.) In the summer of 2009, defendants canceled "Black events" scheduled to take place in the ballroom, and in late August 2009, defendants "forcibly . . . took over operations of the ballroom due to . . . [p]laintiff's refusal to cease renting ballroom space to Blacks." (Id. ¶ 37.) Thereafter, on August 19, 2009, defendants changed the locks on the doors to Benny the Bum's, ordered Levy to leave the premises, and informed plaintiff's employees that defendants were taking over the operation of the restaurant. (Id. ¶ 38.) With police intervention, Levy regained entry to the premises the next day. (Id. ¶ 38.)

---

[4] Read in the context of the allegations in the Complaint as a whole, and accepting all factual allegations as true, as this Court must do on a motion to dismiss, Green's use of the phrase "'hip hop' type crowds" appears to have been an indirect reference to black patrons of Benny the Bum's.

Plaintiff scheduled an event on October 30, 2009 that was sponsored by a black promoter and a radio station that "catered to the Black sound." (Id. ¶ 46.) Once defendants learned of the event, they "had the parking lot coned off so that customers of this event could not enter and park on the parking lot of the premises." (Id.)

On October 31, 2009, Stadium Hotel, which owned the liquor license for the Hotel, and the defendant shareholders of Stadium Hotel, permitted the license to expire. (Id. ¶ 47.) In early November 2009, "[d]efendants called the Pennsylvania State Police to shut down the Plaintiff's business due to the expired liquor license." (Id. ¶ 48.) On November 16, 2009, the State Police "came to the Hotel and closed the Plaintiff's business." (Id.) Because plaintiff was listed as the manager on the liquor license, he was able to reinstate the license on December 10, 2009. (Id. ¶ 49.) However, on December 11, 2009, defendants "caused the license to be placed in a safe keeping status with the Commonwealth of Pennsylvania, thereby prohibiting the Plaintiff from utilizing [the liquor license]." (Id. ¶ 50 (emphasis omitted).)

### C.   Proceedings Before the Pennsylvania Human Relations Commission

Plaintiff filed a complaint with the Pennsylvania Human Relations Commission ("PHRC") against "Trent Motel Associates, LP – Owners Stadium Holiday Inn, et al." on November 2, 2009. (Pl.'s Resp. at 1; Defs.' Mot. to Dismiss, Ex. C.) Plaintiff subsequently filed Second and Third Amended complaints on February 3 and March 11, 2010.[5] (Pl.'s Resp. at 1-2; Defs.' Mot. to Dismiss, Exs. D, E.) On March 10, 2010, the PHRC sent plaintiff a letter enclosing a complaint that it suggested plaintiff should file; this complaint was filed by the

---

[5] PHRC Representative Daniel Drew sent plaintiff a proposed amended complaint by letter dated January 12, 2010. (Pl.'s Resp., Ex. 1.) Drew instructed plaintiff to review the amended complaint and to sign one copy. (Id.) The parties have not presented evidence or allegations as to whether plaintiff ever adopted and filed this amended complaint.

PHRC on March 17, 2010, and was assigned a new docket number. (Pl.'s Resp. at 2; Def.'s Mot. to Dismiss, Ex. G.) On April 16, 2010, respondents filed a motion to dismiss the Third Amended Complaint. (Pl.'s Resp. at 2.) On August 25, 2010, PHRC Motions Commissioner Daniel L. Woodall, Jr. issued an Interlocutory Order denying the motion to dismiss. (Pl.'s Resp., Ex. 10.)

Plaintiff filed a Fourth Amended Complaint on September 1, 2010. (Pl.'s Resp. at 2; Def.'s Mot. to Dismiss, Ex. F.) On December 22, 2010, Levy received a letter from the PHRC advising him that one year had passed since the filing of his PHRC complaint and that he could bring an action in the Court of Common Pleas. (Pl.'s Resp., Ex. 13.)

### D. The Present Litigation

Plaintiff filed an initial Complaint in this Court on February 1, 2011. Plaintiff amended his complaint on June 28, 2011, removing InterContinental Hotels Group as a defendant and adding Holiday Hospitality as a defendant. The first four counts of the Amended Complaint allege that all defendants violated 42 U.S.C. § 1981 (Count I); 42 U.S.C. § 1982 (Count II); 42 U.S.C. §§ 2000a, 2000a-1, 2000a-2 (Count III); and 43 Pa. Stat. §§ 951(a), (h)(1), (h)(3), (i)(1) (Count IV). Count V alleges claims under 43 Pa. Stat. §§ 955(d) and (e) against the individual defendants.

All defendants, with the exception of Holiday Hospitality,[6] filed the present motion to dismiss on July 11, 2011. The motion seeks dismissal of Counts III, IV, and V of the Amended Complaint.

---

[6] Defendant Holiday Hospitality has not yet been served with the Summons and Amended Complaint in this action.

**III. STANDARD OF REVIEW**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion. In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the Court "accept[s] all factual allegations as true, [and] construe[s] the complaint in the light most favorable to the plaintiff. . . ." Phillips v. County of Allegheny, 515 F.3d 224, 231, 233 (3d Cir. 2008) (internal quotations omitted).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . .'" Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S. Ct. 1937 (2009) (quoting Twombly, 550 U.S. at 570). To satisfy the plausibility standard, a plaintiff's allegations must show that a defendant's liability is more than "a sheer possibility." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

In Twombly, the Supreme Court utilized a "two-pronged approach," which it later formalized in Iqbal. Iqbal, 129 S.Ct. at 1950; Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Under this approach, a district court first identifies those factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." Twombly, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded. Iqbal, 129 S.Ct. at 1950. The court then assesses "the 'nub' of the plaintiff['s] complaint—the

well-pleaded, nonconclusory factual allegation[s] . . . to determine" whether it states a plausible claim for relief.  Id.

## IV. DISCUSSION

Defendants assert that plaintiff has failed to state claims under 42 U.S.C. §§ 2000a, 2000a-1, 2000a-2, and 43 Pa. Stat. §§ 955(a), (h)(1), (h)(3), (i)(1), (d), and (e).  The Court first addresses plaintiff's federal law claims and then turns to plaintiff's state law claims.

### A.  Count III:  42 U.S.C. §§ 2000a, 2000a-1, 2000a-2

Count III asserts claims under 42 U.S.C. §§ 2000a, 2000a-1, 2000a-2.  As discussed below, plaintiff has failed to state a claim under any of these provisions.  Count III of the Amended Complaint is accordingly dismissed.

#### 1.  Section 2000a

Section 2000a provides, in relevant part:

> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C. § 2000a(a).

Defendants argue that plaintiff has failed to state a claim under § 2000a because he has not alleged that he himself was denied access to or the services of a public accommodation. Without squarely addressing defendants' argument, plaintiff contends that he has standing to bring suit because he suffered economic harm (in the form of the loss of his business) due to defendants' violation of his black customers' rights.

Plaintiff misses the issue.  It is true that a litigant may have standing to sue under § 2000a when he suffers an injury because of a defendant's racially discriminatory acts towards others.

See Bartley v. Virgin Grand Villas, 197 F. Supp. 2d 291, 294 (D.V.I. 2002) (citing cases); cf. Hudson Valley Freedom Theater, Inc. v. Heimbach, 671 F.2d 702, 705-06 (2d Cir. 1982). However, plaintiff's injury must fall within the zone of interests protected by the statute. A plaintiff does not fall within the statute's "zone of interests" if his interests are "so marginally related to or inconsistent with the purposes implicit in the statute that it cannot reasonably be assumed that Congress intended to permit the suit." Thompson v. N. Am. Stainless, LP, --- U.S. ---, 131 S. Ct. 863, 870 (2011). Thus, a person "might technically be injured in an Article III sense," but will not have standing to sue if his interests are unrelated to the statute's prohibitions. Id.; see Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 479-80 (2006) ("[N]othing in the text of § 1981 suggests that it was meant to provide an omnibus remedy for all racial injustice. If so, it would not have been limited to situations involving contracts.").

A plaintiff alleging a violation of § 2000a "must allege[] that he himself was denied access or services of the public accommodation." Bartley, 197 F. Supp. 2d at 294; see Coward v. Town & Village of Harrison, 665 F. Supp. 2d 281, 307 (S.D.N.Y. 2009) (plaintiff alleging § 2000a violation "must allege facts which show that he was deprived of equal use and enjoyment of a covered facility's services"). In Bartley, an owner of a timeshare at a resort hotel alleged that he was denied the full and equal enjoyment of his timeshare because he was not allowed to have a black woman as his guest without executing a written release. 197 F. Supp. 2d at 294. The court in Bartley held that the plaintiff failed to state a claim under § 2000a because he did not allege that the defendants "prevented him from staying in the unit during his timeshare period because he wanted to have a black guest." Id. (emphasis added). Just as in Bartley, the plaintiff in the instant case has not alleged that defendants denied him equal use and

enjoyment of the Hotel because he wished to rent Benny the Bum's to black customers. As such, the Court dismisses plaintiff's § 2000a claim on the ground that he has failed to state a claim upon which relief can be granted.

    2.    <u>Section 2000a-1</u>

Section 2000a-1 prohibits "discrimination or segregation of any kind on the ground of race . . . , if such discrimination or segregation is or purports to be required by any law, statute, ordinance, regulation, rule, or order of a State or any agency or political subdivision thereof." 42 U.S.C. § 2000a-1. Plaintiff concedes that "it has not stated a claim cognizable under § 2000a-1." (Pl.'s Resp. at 22.) Thus, the Court dismisses plaintiff's § 2000a-1 claim.

    3.    <u>Section 2000a-2</u>

Section 2000a-2 makes it unlawful to, <u>inter alia</u>, deprive any person of the rights secured by §§ 2000a and 2000a-1. 42 U.S.C. § 2000a-2. Given plaintiff's withdrawal of the § 2000a-1 claim, and given the Court's determination that plaintiff has failed to state a claim under § 2000a, the Court concludes that plaintiff likewise has failed to state a claim under § 2000a-2. The § 2000a-2 claim is accordingly dismissed.

    **D.**    **Count IV: 43 Pa. Stat. §§ 955(a), (h)(1), (h)(3), (i)(1)**

Count IV alleges violations of 43 Pa. Stat. §§ 955(a), (h)(1), (h)(3), and i(1). For the reasons discussed below, the Court dismisses plaintiff's claims under §§ 955(a) and (i)(1), and denies defendants' motion to dismiss plaintiff's §§ 955(h)(1) and (3) claims.

    1.    <u>Section 955(a)</u>

43 Pa. Stat. § 955(a) prohibits any employer from discriminating against any current or prospective employee or independent contractor on the basis of, <u>inter alia</u>, race or color. 43 Pa.

Stat. § 955(a). Nowhere in the Amended Complaint does plaintiff allege that he was an employee of, or independent contractor for, any of the defendants. The Court accordingly dismisses plaintiff's § 955(a) claim for failure to state a claim upon which relief can be granted.[7]

    2.    Section 955(h)(1) and (h)(3)

Section 955(h) provides, in relevant part, that "it shall be an unlawful discriminatory practice . . . [f]or any person to":

> (1)    Refuse to sell, lease, finance or otherwise to deny or withhold any housing accommodation or commercial property from any person because of the race, color, . . . [or] national origin . . . of any person, prospective owner, occupant or user of such housing accommodation or commercial property . . . .
>
> (3)    Discriminate against any person in the terms or conditions of selling or leasing any housing accommodation or commercial property or in furnishing facilities, services or privileges in connection with the ownership, occupancy or use of any housing accommodation or commercial property because of the race, color, . . . [or] national origin . . . of any person . . . ."

43 Pa. Stat. § 955(h).

Defendants argue that plaintiff's claims under 43 Pa. Stat. §§ 955(h)(1) and (3) must be dismissed because plaintiff cannot show that he was denied housing accommodation or commercial property due to his protected class status. Plaintiff contends that defendants discriminated against him in their leasing of commercial property to him, and that he need not be part of a protected class in order to assert claims under §§ 955(h)(1) and (3).

---

[7] Plaintiff's § 955(a) claim fails for the additional reason that he has not exhausted administrative remedies under the PHRA. See 43 Pa. Stat. § 962(c)(1) (providing that the PHRC has one year to investigate a pending discrimination claim before a plaintiff may file a discrimination suit in court, unless the matter is resolved through a conciliation agreement or is dismissed by the PHRC). Plaintiff never asserted a § 955(a) claim in the proceedings before the PHRC; in particular, none of plaintiff's PHRC complaints allege that plaintiff was an employee of, or independent contractor for, any of the defendants. See 16 Pa. Code § 42.32(a)(3) (PHRC complaint must set forth "[t]he particulars of the unlawful discriminatory practice complained of").

The Third Circuit has made clear that "the PHRA is to be interpreted as identical to federal anti-discrimination laws except where there is something specifically different in its language requiring that it be treated differently." Fogleman v. Mercy Hosp., Inc., 283 F.3d 561, 567 (3d Cir. 2002). Federal analogues to §§ 955(h)(1) and (3) can be found in the Fair Housing Act ("FHA"). See 42 U.S.C. §§ 3604(a), (b). As with 42 U.S.C. § 2000a, a plaintiff may have standing to assert a claim under the FHA if he has been injured as a result of a defendant's racially discriminatory acts towards others. See San Pedro Hotel Co., Inc. v. City of Los Angeles, 159 F.3d 470, 475 (9th Cir. 1998). However, he may bring suit under the FHA only to recover for his own injury, so long as the injury falls within the zone of interests protected under the FHA. See id.; see also Thompson v. N. Am. Stainless, LP, --- U.S. ---, 131 S. Ct. 863, 870 (2011).

As lessee of the Hotel's restaurant, bar, and ballroom, plaintiff has alleged injuries that fall within the zone of interests protected by §§ 955(h)(1) and (3). Plaintiff alleges that because he insisted on booking "Black events" at Benny the Bum's, defendants changed the locks on the doors to Benny the Bum's, ordered plaintiff to leave the premises, informed plaintiff's employees that defendants were taking over the operation of the restaurant, and deliberately interfered with plaintiff's use of the Hotel's liquor license. (Am. Compl. ¶¶ 38, 47-50.) Plaintiff has therefore stated claims under §§ 955(h)(1) and (3).

Defendants' final argument is that plaintiff has failed to exhaust PHRA administrative remedies, as he did not assert § 955(h) claims until March 11, 2010 and prematurely filed an initial Complaint in this Court on February 1, 2011. See 43 Pa. Stat. § 962(c)(1). The Court notes in this regard that plaintiff filed an amended complaint on June 28, 2011, well after the

PHRC's one year of jurisdiction had ended.  "To the extent [plaintiff] failed to exhaust his administrative remedies at the time of his initial filing, they were exhausted by the time he filed his amended complaint."  Prisco v. Methodist Hosp., No. 10-3141, 2011 WL 1288678, at *4 (E.D. Pa. Apr. 4, 2011).  Because plaintiff has fulfilled the PHRA's exhaustion requirements for his claims under §§ 955(h)(1) and (3), the Court denies defendants' motion to dismiss those claims.

### 3.   Section 955(i)(1)

Section 955(i)(1) makes it unlawful for "any person being the owner, lessee, proprietor, manager, superintendent, agent or employee of any public accommodation . . . to . . . [r]efuse, withhold from, or deny to any person because of his race, color, . . . [or] national origin . . . , either directly or indirectly, any of the accommodations, advantages, facilities or privileges of such public accommodation."  43 Pa. Stat. § 955(i)(1).

For the same reasons discussed with respect to § 955(i)(1)'s federal analogue—42 U.S.C. § 2000a—the Court dismisses plaintiff's claim under § 955(i)(1).  Plaintiff has failed to allege that he himself was denied the full and equal enjoyment of a public accommodation.  Stated differently, plaintiff's alleged economic injury falls outside the zone of interests protected under § 955(i)(1).  Thus, the claim is dismissed.

### D.   Count V:  43 Pa. Stat. §§ 955 (d), (e)

In Count V, plaintiff asserts claims under 43 Pa. Stat. §§ 955(d) and (e) against the individual defendants, Sussman, Chudasama, Panitz, Parikh, Kaufman, and Green.  For the reasons discussed below, the Court denies defendants' motion to dismiss the claims in Count V of the Amended Complaint.

      1.    <u>Section 955(d)</u>

Section 955(d) prohibits any person from "discriminat[ing] in any manner against any individual because such individual has opposed any practice forbidden by [the PHRA], or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under [the PHRA]." 43 Pa. Stat. § 955(d).

Defendants initially sought dismissal of plaintiff's claim under 43 Pa. Stat. § 955(d) on the ground that plaintiff failed to exhaust administrative remedies under the PHRA. Defendants have now withdrawn this argument and do not seek dismissal of the § 955(d) claim. (Defs.' Reply at 11 n.4.) Defendants' motion is accordingly denied as to this claim.

      2.    <u>Section 955(e)</u>

Section 955(e) makes it unlawful:

> For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice.

43 Pa. Stat. § 955(e).

Having determined that plaintiff has stated a claim under § 955(h), the Court also concludes that he has stated a claim under § 955(e), as he has alleged that the individual defendants instructed him to discriminate against black patrons and that, in the face of his objections, the individual defendants affirmatively took steps to ensure that he complied with their discriminatory policy. Thus, the Court denies defendants' motion to dismiss plaintiff's § 955(e) claim.

## V. CONCLUSION

For the foregoing reasons, the Motion of Defendants Trent Motel Associates, L.P., Stadium Hotel Restaurant Group, Inc., Barry Sussman, Mahavir Chudasama, Fred Panitz, Raj Parikh d/b/a Parikh Associates Hotel Investment & Development Co., Howard Kaufman and William F. Green to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. Proc. 12(b)(6) is granted in part and denied in part. The Court grants defendants' motion as to Count III, denies the motion as to Count V, and grants in part and denies in part the motion as to Count IV. With respect to Count IV, the Court grants the motion as to plaintiff's claims under 43 Pa. Stat. §§ 955(a) and (i)(1), and denies the motion as to plaintiff's §§ 955(h)(1) and (3) claims.

An appropriate order follows.